# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONALD SANDERS, JR., #200508421, <br><br> Plaintiff, <br><br> vs. <br><br> SHANNON WOLF and JUDGE GRACE, <br><br> Defendants. | Case No. 19−cv−01002−JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Ronald Sanders, Jr., a pretrial detainee in the Jackson County Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983 seeking dismissal of state criminal charges, release from custody, and monetary damages. (Doc. 1). The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

Plaintiff alleges he was held for over 72 hours in the Randolph County Jail on a Jackson County warrant without seeing a Judge. (Doc. 1, p. 6). He also alleges he did not have a preliminary hearing within 30 days. (*Id.*). These facts do not allege a colorable constitutional claim cognizable via a Section 1983 action. Plaintiff does not identify any violation of his *federal* constitutional rights but instead, alleges only violations of state law. Section 1983 provides a remedy for constitutional violations, not violations of state law. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003).

1

Absent any federal claim, the Court declines to exercise supplemental jurisdiction over any state law claims. 28 U.S.C. § 1367(a) extends the jurisdiction of federal district courts to all claims that are sufficiently related to the claim or claims on which their original jurisdiction is based to be part of the same case or controversy within the meaning of Article III of the Constitution. This same statute provides that the district court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[T]he general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251 (7th Cir. 1994); *see also Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) (noting that established law of this circuit is that the "usual practice" is to dismiss without prejudice state supplemental claims whenever federal claims have been dismissed before trial).

Additionally, even if Plaintiff's claims were based on a violation of his *federal* constitutional rights, the Complaint would still be subject to dismissal. Plaintiff identifies two Defendants, Judge Grace and Sheriff Wolff, but makes no specific allegations against these individuals in his statement of claim. Under Federal Rule of Civil Procedure 8, the Complaint must include a short, plain statement of the case against each individual. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). To the extent Plaintiff seeks to hold Sheriff Wolff liable for the actions of subordinate employees, the claim fails because the doctrine of respondeat superior (supervisory liability) is not applicable to section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Additionally, Judge Grace has absolute immunity from Section 1983 suits for damages for acts within his judicial jurisdiction. *See Mireles v. Waco*, 502 U.S. 9,

11-12 (1991); *Forrester v. White*, 484 U.S. 219, 225-29 (1988); *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001). Accordingly, Sheriff Wolf is dismissed without prejudice and Judge Grace is dismissed with prejudice.

Finally, Plaintiff's request for release from custody is not an available remedy in a Section 1983 action.[1] The United States Supreme Court has long held that the sole federal remedy for a state prisoner who is challenging the fact or duration of his physical confinement and seeking immediate or speedier release from imprisonment is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

**Disposition**

**IT IS HEREBY ORDERED** that this matter does not survive 28 U.S.C. § 1915A review, and the Complaint is **DISMISSED without prejudice** for failure to state a claim.

**IT IS ORDERED** that Judge Grace is **DISMISSED with prejudice** and Shannon Wolff is **DISMISSED without prejudice** and the Clerk of Court is **DIRECTED** to **TERMINATE** them as defendants.

**IT IS ORDERED** that Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before **December 19, 2019.** If Plaintiff decides to file a First Amended Complaint, he should identify each defendant in the case caption and set forth sufficient allegations against each

---

[1] Additionally, to the extent Plaintiff seeks the Court's intervention into his pending state criminal proceedings, the abstention doctrine is implicated. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court announced the abstention doctrine. The doctrine discourages federal courts from taking jurisdiction over federal constitutional claims when doing so would interfere with pending state court proceedings. *See SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010). Specifically, under the abstention doctrine, federal courts must refrain from interfering in ongoing state proceedings that are "(1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate." *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 436-37 (1982) and *Majors v. Engelbrecht*, 149 F.3d 709, 711 (7th Cir. 1998)). The Court need not address this issue at this time because the Complaint fails to state a colorable claim.

defendant to describe what the defendant did or failed to do to violate his constitutional rights. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (to be liable under section 1983 a defendant must have personally caused or participated in a constitutional deprivation). A successful complaint generally alleges "the who, what, when, where, and how ...." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Plaintiff should attempt to include the relevant facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. The First Amended Complaint should comply with Rule 8 and *Twombly*[2] pleading standards.

If Plaintiff fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any relevant exhibits he wishes the Court to consider. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

If Plaintiff decides to file a First Amended Complaint, it is strongly recommended that he

---

[2] Plaintiff must plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 19-cv-01002-JPG). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. See 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED**.

    **DATED: 11/21/2019**

    s/J. Phil Gilbert
    **J. PHIL GILBERT**
    **United States District Judge**