IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONALD SANDERS, JR., #200508421, <br><br> Plaintiff, <br><br> vs. <br><br> RALPH BLOODWORTH, MICHAEL CARR, CELESTE KORANDO, JOHN DOE 1-4 and JOHN/JANE DOES, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 19-cv-01002-JPG |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for preliminary review of the First Amended Complaint filed by Plaintiff Ronald Sanders, Jr. (Doc. 18). Plaintiff is a pretrial detainee in the Jackson County Jail located in Murphysboro, Illinois. He brings this civil rights action pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 2241, seeking money damages, injunctive relief, and release from custody. (*Id*. at 5).

The First Amended Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the First Amended Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). As this stage, the factual allegations in the *pro se* amended complaint are liberally construed in favor of the plaintiff.

1

## First Amended Complaint

Although Plaintiff sets forth few factual allegations, he identifies the following eight claims in the First Amended Complaint:

**Count 1:** Judge Ralph Bloodworth and State's Attorney Michael Carr conspired to violate Plaintiff's constitutional rights pursuant to 42 U.S.C. § 1985(3) by issuing a warrant for his arrest that "common sense certifies" was unsupported by an affidavit or sworn testimony on July 18, 2019. (*Id*. at p. 2).

**Count 2:** Officers John Doe 1-4 violated Plaintiff's friend's constitutional rights by conducting a search of the friend's private residence without a warrant, probable cause, or exigent circumstances on July 19, 2019. (*Id*.).

**Count 3:** Officers John Doe 1-4 violated Plaintiff's rights by unlawfully arresting him on July 19, 2019, and holding him for five days at Randolph County Jail without a warrant. (*Id*. at p. 3).

**Count 4:** State's Attorney Michael Carr engaged in malicious prosecution of Plaintiff by failing to obtain and file a Bill of Indictment until 26 days after Plaintiff's arrest. (*Id*. at p. 4).

**Count 5:** Judge Bloodworth violated Plaintiff's Eighth Amendment rights by setting excessive bail in his criminal case. (*Id*.).

**Count 6:** Public Defender Celeste Korando provided ineffective assistance of counsel in Criminal Case No. 2019-CF-312 when she refused to prepare and file certain motions at Plaintiff's request. (*Id*.).

**Count 7:** Plaintiff was denied access to the law library at Jackson County Jail. (*Id*. at p. 5).

**Count 8:** Plaintiff was denied reasonable access to the public in violation of his right to due process and equal protection of the law under the Fourteenth Amendment when he was charged for phone calls and video calls at Jackson County Jail. (*Id*.).

**Any claim that is mentioned in the First Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### Discussion

### Section 1983 or Section 2241

As an initial matter, this Court must independently evaluate the substance of Plaintiff's claims to determine if the correct statute - in this case 42 U.S.C. § 1983 - is being invoked. *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002) (court must evaluate independently the substance of the claim being brought, to see if correct statute is being invoked). In his First Amended Complaint, Plaintiff seeks money damages and release from custody. (Doc. 18, p. 5). He sought the same relief in his Complaint. (Doc. 1). As this Court previously explained, monetary relief is available under Section 1983, but release from custody is not.

To the extent Plaintiff challenges the fact of his confinement and seeks release, the Court already instructed him to file a *separate* petition for a writ of habeas corpus. (Doc. 6, p. 3). *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from the imprisonment, his sole federal remedy is a writ of habeas corpus."). This is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody-whether outright freedom, or **freedom subject to the limited reporting and financial constraints of bond** or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991) (emphasis added). Plaintiff cannot proceed with his request for release from custody under 42 U.S.C. § 1983, but this relief is available under 28 U.S.C. § 2241. Because Plaintiff expressed his clear intent to proceed with a request for federal habeas relief under 28 U.S.C. § 2241, the Clerk of Court shall be directed to open a separate federal habeas case by filing Page 6 of Document 18 as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and including Pages 1-5 as a Memorandum in Support of Habeas Petition.

**Section 1983 Claims**

The allegations in the First Amended Complaint are threadbare.  Plaintiff offers few, if any, allegations in support of his eight claims.  His amended complaint fails to satisfy the general rules of pleading described in Rule 8 of the Federal Rules of Civil Procedure, which only requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  *See* FED. R. CIV. P. 8(a)(2).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  The claim of entitlement to relief must cross "the line between possibility and plausibility."  *Id*. at 557.  A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The allegations simply do not suggest that the defendants are liable for a violation of Plaintiff's federal constitutional or statutory rights under Section 1983.  Dismissal of Plaintiff's claims is appropriate under *Twombly* and *Iqbal*.  There are other reasons for dismissal of this action, and they are addressed below.

**Judge**

Counts 1 and 5 against Judge Bloodworth do not survive screening.  Judges enjoy absolute immunity from Section 1983 suits for damages when they act within their judicial jurisdiction.  *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Forrester v. White*, 484 U.S. 219, 225-29 (1988); *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347, 20 L.Ed. 646 (1872); *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001).  The Supreme Court has recognized only two instances in which judicial immunity is inapplicable.  A judge is not immune for non-judicial actions or for actions taken in the complete absence of all jurisdictions.  *Mireles*, 502 U.S. at 11.  Here, Judge Bloodworth is entitled to absolute immunity for acting in his judicial capacity in connection with

the issuance of a warrant for Plaintiff's arrest and setting bail in Plaintiff's criminal case. *Cannon v. Newport*, 850 F.3d 303, 307 (7th Cir. 2017) (citations omitted). Counts 1 and 5 shall be dismissed with prejudice against Judge Bloodworth.

### State's Attorney

Counts 1 and 4 against State's Attorney Michael Carr for his involvement in Plaintiff's arrest and prosecution do not survive screening. It is well-settled law that "[i]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). The United States Supreme Court has extended absolute immunity to a state's attorney for his involvement in a probable cause hearing and in the indictment of a plaintiff. *See Imbler*, 424 U.S. at 430 (absolute immunity for prosecutor who allegedly sought grand jury indictment maliciously); *Burns v. Reed*, 500 U.S. 478 (1991) (absolute immunity for prosecutor's participation in probable cause hearing). State's Attorney Carr is entitled to absolute immunity for the same conduct here. Counts 1 and 4 shall be dismissed with prejudice against this defendant.

### Public Defender

The allegations state no federal constitutional claim for money damages under Section 1983 against Public Defender Celeste Korando, the public defender who represented Plaintiff in his criminal case (*i.e.*, Case No. 19-CF-312). When "performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," a public defender does not act under color of state law. *Polk Co. v. Dodson*, 454 U.S. 312, 325 (1981). Plaintiff's claims against this defendant arise from motions the public defender declined to file on Plaintiff's behalf in his criminal proceedings. The decision whether and when to file motions is the type of traditional function that is served by counsel in a criminal matter. In this context, public defenders are not "state actors"

who are amenable to a civil suit for money damages, and Plaintiff cannot proceed with a federal claim under Section 1983 against a non-state actor.  *See id. See also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Gayman v. Principal Fin. Servs., Inc.*, 311 F.3d 851, 852-53 (7th Cir. 2003).  Accordingly, Plaintiff's federal constitutional claim in Count 6 against Attorney Korando for money damages shall be dismissed with prejudice.  He asserts no state law claims against this defendant.

## Non-Parties

Plaintiff lacks standing to bring a claim on behalf of his friend in Count 2.  This claim shall be dismissed with prejudice from this action.  This Order does not preclude Plaintiff's friend from separately pursuing this claim in another state or federal action.

Plaintiff identifies no defendants in connection with Count 7, his claim for denial of access to the law library at Jackson County Jail, or Count 8, his claim for denial of access to the general public at the Jackson County Jail.  Standing alone, Plaintiff's failure to name specific defendants in connection with each claim is not fatal to either claim.  Plaintiff can simply use fictitious names to refer to unknown defendants until he can properly identify them in his complaint.  *Billman v. Indiana Dept. of Corr.*, 56 F.3d 785, 789 (7th Cir. 1995).  However, both claims are improperly joined in this action because they arise from transactions or occurrences at Jackson County Jail that are separate and distinct from the events giving rise to his arrest and prosecution in Randolph County.  The Court will exercise its discretion and dismiss Counts 7 and 8 without prejudice on grounds of improper joinder, leaving Plaintiff free to renew both claims in a *separate action*, if he wishes to do so.  *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); FED. R. CIV. P. 18, 20, 21 (granting district courts broad discretion when deciding whether to sever claims or to dismiss improperly joined claims or defendants).

**State Law Claims**

The Court declines to exercise jurisdiction over the supplemental Illinois state law claim for unlawful arrest raised in Count 3 or any others raised in the Complaint. *See* 28 U.S.C. § 1367(c)(3). Normally, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims. *Sharp Elec. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 514 (7th Cir. 2009). Accordingly, the state law claim(s) shall be dismissed without prejudice from this action.[2]

In light of the foregoing discussion, the claims and this Section 1983 action shall be dismissed with prejudice. However, this dismissal in no way precludes Plaintiff from pursuing relief under state tort law or seeking state or federal habeas relief. *See Dodson*, 454 U.S. 312, n. 18 ("In addition to possible relief under state tort law, an indigent prisoner retains the right to initiate state and federal habeas corpus proceedings. For an innocent prisoner wrongly incarcerated as the result of ineffective or malicious counsel, this normally is the most important form of judicial relief.").

**Disposition**

**IT IS ORDERED** that the First Amended Complaint (Doc. 18) and this action are **DISMISSED** with prejudice. The dismissal shall count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

**IT IS ORDERED** that **COUNTS 1, 2, 4, 5,** and **6** are **DISMISSED** with prejudice for failure to state a claim for relief herein.

---

[2] To the extent Plaintiff intended Count 3 to represent a federal constitutional claim, he failed to set forth sufficient allegations in support of the claim, and it is still subject to dismissal for failure to state a claim.

**IT IS ORDERED** that **COUNT 3** is **DISMISSED** without prejudice because the Court declines to exercise supplemental jurisdiction over this claim, and the First Amended Complaint fails to state a federal constitutional claim against John Does 1-4 for Plaintiff's unlawful arrest. *See* 28 U.S.C. § 1367. Plaintiff is free to pursue his state law claims in Illinois state court.

**IT IS ORDERED** that **COUNTS 6** and **7** are **DISMISSED** without prejudice as improperly joined herein. FED. R. CIV. P. 21.

**IT IS ORDERED** that the pending Motion for Appointment of Counsel (Doc. 19) is **DISMISSED** as **MOOT**.

Plaintiff's request for federal habeas relief pursuant to 28 U.S.C. § 2241 is **DISMISSED** as improper in this Section 1983 Suit. The Clerk of Court is **DIRECTED** to **OPEN** a separate federal habeas case by **RE-FILING** Page 6 of Document 18 as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and Pages 1-5 as a Supporting Memorandum.

If Plaintiff wishes to appeal this dismissal, his Notice of Appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A Motion for Leave to Appeal *In Forma Pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day

deadline cannot be extended. However, a Rule 60(b) motion for relief from a final judgment, order, or proceeding does not toll the deadline for an appeal.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED**.

**DATED: 5/19/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**